1  LAW OFFICES OF MARC LIBARLE
2  Marc Libarle (CABN: 071678)
3  1388 Sutter St, Ste 910
   San Francisco, CA 94109
4  Phone: (415) 928-2400
   Email: ml7006@gmail.com
5
6  HALLER LAW PLLC
7  Timothy J. Haller *(Pro Hac Vice Pending)*
   230 E Delaware Pl, Ste 5E
8  Chicago, IL 60611
   Phone: (630) 336-4283
9  Email: haller@haller-iplaw.com
10
11 *Attorneys for Plaintiff,*
   *BelAir Electronics, Inc.*
12
13             **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
14                 **SOUTHERN DIVISION**
15
   **BELAIR ELECTRONICS, INC.,**
16
17        **Plaintiff,**
18    **v.**                              **Case No.  8:25-cv-00974**
19 **SP UNITED USA, INC. (fka SP UNITED** **COMPLAINT FOR PATENT**
20 **USA, LLC),**                        **INFRINGEMENT**
21        **Defendant.**
22
23 ─────────────────────────────
24      Plaintiff BelAir Electronics, Inc. complains of Defendant SP United USA, Inc. (fka
25 SP United USA, LLC) ("SP Connect" or "Defendant") as follows, all upon Plaintiff's best
26 information and belief:
27
28

COMPLAINT FOR PATENT INFRINGEMENT

**NATURE OF LAWSUIT**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2.      Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.      BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit A) and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit B) (collectively, the "Asserted Patents").

4.      BelAir has the exclusive right to license, enforce and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (May 8, 2019) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5.      Upon information and belief, Defendant SP United USA, Inc. (fka SP United USA, LLC) is a domestic California corporation with a registered principal address at 1010 Calle Cordillera, Suites 105 and 106, San Clemente, California 92673.

6.      In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased a "Phone Case - Samsung (SPC) - Galaxy S22" SKU 55150 and a "Phone Case - Apple - iPhone 13 / Phone Case" SKU 52644 and from Defendant's website for assessment as representative of the products identified in Exhibit C.

7.      Defendant primarily advertises and sells Accused Products at https://sp-connect.com/ and related urls in the sp-connect.com domain; https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0

DER and https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-F148F53883DE and related "SP Connect" product pages accessed through Amazon.com's website; and https://www.walmart.com/browse/0?facet=brand:SP+Connect and related "SP Connect" product pages accessed through Walmart.com's website.

8.    Defendant offers for sale and sells the Accused Products (as further identified below) for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

9.    BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.    Defendant owns, operates, and conducts business in the state of California and directs advertisements at residents of California – which are covered by claims of the Asserted Patents – and throughout the United States including California and this Judicial District.

11.    SP United USA, Inc. (fka SP United USA, LLC) is a registered California corporation currently doing business in this Judicial District, has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being haled into court in California.

12.    Venue in this Judicial District is proper under 28 U.S.C. § 1400(b) because Defendant resides in this Judicial District.

## THE ACCUSED PRODUCTS

13.    Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or

COMPLAINT FOR PATENT INFRINGEMENT

use of Defendant's protective masks for mobile devices (herein referred to as the "Accused Products").

14.    As presently advised, the Accused Products include the following categories of protective masks for mobile devices ("Case Styles"): SPC Phone Case; SPC+ Phone Case; Ducati Edition Phone Case; and Bundles including any of the aforementioned SPC, SPC+, or Ducati Edition Phone Cases. (See Exhibit C; https://sp-connect.com/ and related urls in the sp-connect.com domain; https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0DER and https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-F148F53883DE and related "SP Connect" product pages accessed through Amazon.com's website; and https://www.walmart.com/browse/0?facet=brand:SP+Connect and related "SP Connect" product pages accessed through Walmart.com's website).

15.    As presently advised, the Accused Products include protective masks for at least the following mobile devices: Apple iPhone 5; Apple iPhone 5S; Apple iPhone SE (2016); Apple iPhone 6; Apple iPhone 6 Plus; Apple iPhone 6s; Apple iPhone 6s Plus; Apple iPhone 7; Apple iPhone 7 Plus; Apple iPhone 8; Apple iPhone 8 Plus; Apple iPhone X; Apple iPhone XS; Apple iPhone XS Max; Apple iPhone XR; Apple iPhone SE (2020); Apple iPhone 11; Apple iPhone 11 Pro; Apple iPhone 11 Pro Max; Apple iPhone 12 mini; Apple iPhone 12; Apple iPhone 12 Pro; Apple iPhone 12 Pro Max; Apple iPhone SE (2022); Apple iPhone 13 mini; Apple iPhone 13; Apple iPhone 13 Pro; Apple iPhone 13 Pro Max; Apple iPhone 14; Apple iPhone 14 Plus; Apple iPhone 14 Pro; Apple iPhone 14 Pro Max; Google Pixel 6; Google Pixel 6 Pro; Google Pixel 7; Google Pixel 7 Pro; Huawei P20 Pro; Huawei P30 Pro; Huawei Mate 20 Pro; Samsung Galaxy Note 9; Samsung Galaxy Note 10; Samsung Galaxy Note 10 Plus; Samsung Galaxy Note 20; Samsung Galaxy Note 20 Ultra; Samsung Galaxy S7 Edge; Samsung Galaxy S8; Samsung Galaxy S8 Plus; Samsung Galaxy S9; Samsung Galaxy S9 Plus; Samsung Galaxy S10e; Samsung Galaxy S10; Samsung Galaxy S10 Plus; Samsung Galaxy S20 FE; Samsung Galaxy S20; Samsung

COMPLAINT FOR PATENT INFRINGEMENT

Galaxy S20 Plus; Samsung Galaxy S20 Ultra; Samsung Galaxy S21 FE; Samsung Galaxy S21; Samsung Galaxy S21 Plus; Samsung Galaxy S21 Ultra; Samsung Galaxy S22; Samsung Galaxy S22 Plus; and Samsung Galaxy S22 Ultra. (See Exhibit C; https://sp-connect.com/ and related urls in the sp-connect.com domain; https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0 DER and https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-F148F53883DE and related "SP Connect" product pages accessed through Amazon.com's                                website;                                and https://www.walmart.com/browse/0?facet=brand:SP+Connect and related "SP Connect" product pages accessed through Walmart.com's website).

16.    As presently advised, the Accused Products include Defendant's cases found at https://sp-connect.com/ and related urls in the sp-connect.com domain; https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0 DER and https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-F148F53883DE and related "SP Connect" product pages accessed through Amazon.com's                                website;                                and https://www.walmart.com/browse/0?facet=brand:SP+Connect and related "SP Connect" product pages accessed through Walmart.com's website.

17.    The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). Upon information and belief, such a flange is indicated by the marking(s) in the illustrations hereinbelow. The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access

COMPLAINT FOR PATENT INFRINGEMENT

to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See Exhibit C for exemplary photos for all categories of Defendant's Case Styles. Below are pictures of representative Accused Products.







COMPLAINT FOR PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10



11  Phone   Case  -  Samsung   (SPC)  -  Galaxy   S22;   SKU   55150:  https://sp-
12  connect.com/products/phone-case-samsung-spc?variant=42332607217864 (See Exhibit C
13  and pictures of representative products).

14
15
16
17
18
19            
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT



Phone Case - Apple - iPhone 13 / Phone Case (SPC+); SKU 52644: https://sp-connect.com/products/phone-case-apple?variant=43414748430536 (See Exhibit C and pictures of representative products).

COMPLAINT FOR PATENT INFRINGEMENT

18.    The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

19.    After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANT

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195

20.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21.    Defendant directly infringed at least independent Claim 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

## CLAIM 9

22.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

23.    Specifically, the Accused Products comprised:

a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

b.    the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

24.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior

COMPLAINT FOR PATENT INFRINGEMENT

to expiration of the '195 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '195 Patent.

25. Defendant had notice of the '195 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to Defendant via SP Connect's CEO, Thomas Krenn, with delivery and read receipts received. Follow up emails were sent on September 3, 2024, September 26, 2024, October 17, 2024, December 2, 2024, January 30, 2025, and February 27, 2025, with further delivery and read receipts received. Defendant did not respond to any of BelAir's communications, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

26. Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

27. Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

28. Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

**CLAIM 1**

29. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

30.    Specifically, the Accused Products comprised:

a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

c.    at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

d.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

31.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

**CLAIM 5**

32.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the

COMPLAINT FOR PATENT INFRINGEMENT

exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

33.    Specifically, the Accused Products comprised:

a.    an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

34.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

## CLAIM 8

35.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely

COMPLAINT FOR PATENT INFRINGEMENT

enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

36.     Specifically, the Accused Products comprised:

  a.     an integrally-formed mask body molded to conform to a shape of the exterior housing;

  b.     inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

  c.     at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**CLAIM 9**

37.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed

COMPLAINT FOR PATENT INFRINGEMENT

by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

38.     Specifically, the Accused Products comprised:

    a.     an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

    b.     at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

    c.     at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

39.     As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

40.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '676 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '676 Patent.

41.     Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least as early as July 24, 2024, pursuant to email correspondence from BelAir to

COMPLAINT FOR PATENT INFRINGEMENT

Defendant via SP Connect's CEO, Thomas Krenn, with delivery and read receipts received. Follow up emails were sent on September 3, 2024, September 26, 2024, October 17, 2024, December 2, 2024, January 30, 2025, and February 27, 2025, with further delivery and read receipts received. Defendant did not respond to any of BelAir's communications, leaving BelAir no choice but to file this litigation in order to protect its intellectual property rights.

42.     Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

A.     WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against SP United USA, Inc. (fka SP United USA, LLC) – and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

B.     The entry of judgment in favor of Plaintiff and against Defendant;

C.     An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least May 8, 2019 through expirations of the Asserted Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

D.     Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

COMPLAINT FOR PATENT INFRINGEMENT

1  Dated: May 8, 2025                                    Respectfully submitted,

2
                                                         */s/ Marc Libarle*
3                                                        LAW OFFICES OF MARC LIBARLE
4                                                        Marc Libarle (CABN: 071678)
                                                         ml7006@gmail.com
5                                                        1388 Sutter St, Ste 910
                                                         San Francisco, CA 94109
6                                                        (415) 928-2400
7
8                                                        HALLER LAW PLLC
9                                                        Timothy J. Haller (*Pro Hac Vice Pending*)
                                                         haller@haller-iplaw.com
10
11                                                       *Attorneys for Plaintiff,*
                                                         *BelAir Electronics, Inc.*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT

# EXHIBIT A

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## United States Patent No. 7,941,195

US007941195B2

(12) **United States Patent**     (10) **Patent No.:**     **US 7,941,195 B2**
Peng     (45) **Date of Patent:**     *May 10, 2011

(54) **PROTECTIVE MASK OF MOBILE PHONE**

(75) Inventor: **Kuan-Lin Peng**, Taipei (TW)

(73) Assignee: **Gregory J. Kim**, Westmont, IL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 654 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **11/673,237**

(22) Filed: **Feb. 9, 2007**

(65) **Prior Publication Data**

US 2007/0191079 A1     Aug. 16, 2007

**Related U.S. Application Data**

(63) Continuation of application No. 09/888,488, filed on Jun. 26, 2001, now Pat. No. 7,194,291.

(30) **Foreign Application Priority Data**

Nov. 17, 2000    (CN) .............................. 00 2 52902 U

(51) **Int. Cl.**
*H04M 1/00*     (2006.01)
(52) **U.S. Cl.** ............... **455/575.8**; 455/550.1; 455/575.1
(58) **Field of Classification Search** .............. 455/575.8, 455/575.9, 575.1, 550.1, 90.1, 90.3, 348, 455/349, 550; 379/433.01, 433.11, 451
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D211,355 | S | 6/1968 | Farnham et al. |
| D219,451 | S | 12/1970 | Blackman |
| 4,121,061 | A | 10/1978 | Donaldson |
| 5,012,513 | A | 4/1991 | Dale et al. |
| D337,435 | S | 7/1993 | Kaneko et al. |
| D338,470 | S | 8/1993 | Clayton |
| D342,262 | S | 12/1993 | Hester |
| D348,472 | S | 7/1994 | Cyfko |
| 5,383,091 | A | 1/1995 | Snell |

(Continued)

FOREIGN PATENT DOCUMENTS

DE          20019958.7          2/2001

(Continued)

OTHER PUBLICATIONS

IL Telefono Cellulare & C. 2 pages. Date: Oct. 2000. (Shows replacement mobile telephone housing portions.).

*Primary Examiner* — Kent Chang
*Assistant Examiner* — Dinh P Nguyen
(74) *Attorney, Agent, or Firm* — Jansson Shupe & Munger Ltd.

(57)          **ABSTRACT**

The present invention relates to a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies can be joined with a front and a tear phone housings of a mobile phone, respectively, to effectively prevent abrasion of the mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided. Moreover, trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

**12 Claims, 7 Drawing Sheets**



**US 7,941,195 B2**

Page 2

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D365,927 | S | 1/1996 | Cho |
| D369,903 | S | 5/1996 | Tetrault |
| 5,586,704 | A | 12/1996 | Alexander et al. |
| D382,538 | S | 8/1997 | Brunette |
| D385,283 | S | 10/1997 | Snyder et al. |
| D385,554 | S | 10/1997 | Nuovo et al. |
| 5,678,204 | A | 10/1997 | Naylor |
| D395,749 | S | 7/1998 | Jayez |
| D396,951 | S | 8/1998 | Huber |
| D397,246 | S | 8/1998 | Hoofnagle et al. |
| 5,809,403 | A | 9/1998 | MacDonald, Jr. et al. |
| D400,541 | S | 11/1998 | Harrison |
| D408,402 | S | 4/1999 | Shimelfarb et al. |
| 5,896,277 | A | 4/1999 | Leon et al. |
| 5,933,330 | A | 8/1999 | Beutler et al. |
| 5,988,577 | A | 11/1999 | Phillips et al. |
| 6,006,074 | A | 12/1999 | De Larminat et al. |
| 6,011,699 | A | 1/2000 | Murray et al. |

| | | | |
|---|---|---|---|
| D425,907 | S | 5/2000 | Frye et al. |
| 6,073,034 | A | 6/2000 | Jacobsen et al. |
| 6,075,977 | A | 6/2000 | Bayrami |
| 6,082,535 | A | 7/2000 | Mitchell |
| 6,130,945 | A | 10/2000 | Shin |
| 6,157,545 | A | 12/2000 | Janninck et al. |
| 6,201,867 | B1 | 3/2001 | Koike |
| D448,368 | S | 9/2001 | Bettag et al. |
| 6,591,088 | B1 | 7/2003 | Watanabe |
| 6,594,472 | B1 | 7/2003 | Curtis et al. |
| 6,842,633 | B1 | 1/2005 | Deo et al. |
| 7,194,291 | B2 * | 3/2007 | Peng ......................... 455/575.8 |
| 2001/0034211 | A1 | 10/2001 | Kuroshima et al. |
| 2002/0193136 | A1 | 12/2002 | Halkosaari et al. |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 20111112.8 | 9/2001 |

* cited by examiner



# FIG.1
# PRIOR ART



# FIG.2
# PRIOR ART



**FIG.3**



# FIG.4



# FIG.5



**FIG.6**



*FIG.7*

US 7,941,195 B2

**1**

**PROTECTIVE MASK OF MOBILE PHONE**

CROSS-REFERENCE TO RELATED PATENT
APPLICATIONS

This continuation application claims priority to U.S. patent application Ser. No. 09/888,488 filed Jun. 26, 2001, now U.S. Pat. No. 7,194,291 and Chinese Patent Application No. CN00252902.5 filed Nov. 17, 2000, which are expressly incorporated by reference herein.

FIELD OF THE INVENTION

The present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone

BACKGROUND OF THE INVENTION

FIGS. **1** and **2** show the structure of a prior art mobile phone. The outer look of the structure is approximately a rectangular parallelepiped comprising a front phone housing and a rear phone housing. One end of the front phone housing **11** is pivotally joined with one end of the rear phone housing **12**, as shown in FIG. **2**. An antenna **121** is disposed on the rear phone housing **12**. A mobile phone **10** is formed after assembling the front and rear phone housings **11** and **12**. The mobile phone **10** can be used for receiving a call, dialing a telephone number, making a call, displaying messages, and setting functions.

However, because the front and rear phone housings **11** and **12** of the mobile phone **10** are very smooth and delicate, abrasion may easily arise due to carelessness of a user so as to generate ill-favored scars thereon, resulting in the deterioration of the quality of the mobile phone and the fall of its value.

Moreover, the design of the mobile phone **10** tends to be more and more diversified in consideration of trend and fashion. The user usually spends a lot of money to change the mobile phone **10** to adhere to the fashion, resulting in waste of money.

Accordingly, the above mobile phone structure has inconvenience and drawbacks in practical installation and use. The present invention aims to resolve the problems in the prior art.

SUMMARY OF THE INVENTION

The primary object of the present invention is to provide a protective mask of mobile phone to effectively prevent abrasion of a mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided.

The secondary object of the present invention is to provide a protective mask of mobile phone so that trend and fashion of a mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

To achieve the above objects, the present invention provides a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies are integrally formed by means of mold ejection of plastic. Patterns, types, or nameplates can be printed on the upper and lower cover bodies. The upper and lower cover bodies can sheathe a mobile phone therein. A gap, cavities, and slots corresponding to an antenna, an earphone cavity, an incoming-call informing light and so on of the mobile phone are disposed on the lower cover body so that a user can

**2**

successfully receive a call and use various kinds of functions and settings of the mobile phone.

The various objects and advantages of the present invention will be more readily understood from the following detailed description when read in conjunction with the appended drawings, in which:

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a prior art mobile phone;
FIG. **2** is a diagram showing the use state of a prior art mobile phone;
FIG. **3** is an exploded perspective view of the present invention and a mobile phone;
FIG. **4** is a perspective view of the present invention assembled with a mobile phone;
FIG. **5** is a cross-sectional view of the present invention assembled with a mobile phone;
FIG. **6** is a diagram showing the use state of the present invention assembled **10** with a mobile phone; and
FIG. **7** is an exploded perspective view according to a second embodiment of the present invention.

DETAILED DESCRIPTION OF THE PREFERRED
EMBODIMENTS

As shown in FIGS. **3** to **6**, the present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone. The protective mask of mobile phone of the present invention comprises an upper cover body **20** and a lower cover body **30**.

The upper cover body **20** is integrally formed by mold ejection of plastic. Patterns, types, or nameplates can be printed on a front side face of the upper **20** cover body **20**. The upper cover body **20** can be joined with a front phone housing **41** of a mobile phone **40**, as shown in FIG. **4**. A rear side face of the upper cover body **20** has a plurality of flanges **21**, as shown in FIG. **3**. The flanges **21** can be retained at the edge of the front phone housing **41** of the mobile phone **40**. The front phone housing **41** of the mobile phone **40** can be sheathed in the upper cover body **20**, as shown in FIG. **5**.

The lower cover body **30** is integrally formed by mold ejection of plastic. Patterns, types, or nameplates can be printed on the lower cover body **30**. The lower cover body **30** can be joined with a rear phone housing **42** of the mobile phone **40**, as shown in FIG. **4**. The lower cover body **30** has a gap **31** to retain an antenna **43** of the mobile phone **40**, as shown in FIG. **3**. A plurality of cavities **32** are disposed beside the gap **31** of the lower cover body **30**. The cavities **32** can correspond to an earphone cavity **44**, an incoming-call informing light **45** and so on of the mobile phone **40** so that a user can conveniently use the functions of the mobile phone **40**.

Finger recessions **33** are respectively disposed at two sides of the lower cover body **30** so that a user can easily unfold the pivotally joined front phone housing **41** and rear phone housing **42** to receive a call or operate the mobile phone **40**, as shown in FIG. **6**. The finger recessions **33** can also let the user conveniently separate the mobile phone **40** and the lower cover body **30** for performing operations such as replacing a battery (not shown) of the mobile phone **40**. A plurality of holes **34** are disposed at one side of the lower cover body **30**. The holes **34** can correspond to function keys (not shown) of the-mobile phone **40** so that the user can successfully receive a call or set functions.

A bottom of the lower cover body **30** has a slot **35**, which can correspond to a socket **46** (shown in FIG. **5**) of the mobile

US 7,941,195 B2

3                                                                          4

phone **40** so that a user can plug in a power supply (not shown) of the mobile phone **40** to charge or recharge the mobile phone **40**.

As shown in FIG. **7**, a different upper cover body **20** and a different lower cover body **30** are matched according to the outer look of a different mobile phone **40** so as to satisfy users having different mobile phones **40**. The connection and disposition ways are the same as the above first embodiment of the present invention.

The present invention uses the upper cover body **20** and the lower cover body **30** to sheathe the mobile phone **40** therein so as to effectively prevent abrasion of the mobile phone **40** due to the carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Moreover, trend and fashion of the mobile phone **40** can be achieved without the need of replacing the mobile phone **40**.

Although the present invention has been described with reference to the preferred embodiments thereof, it will be understood that the invention is not limited to the details thereof. Various substitutions and modifications have been suggested in the foregoing description, and others will occur to those of ordinary skill in the art. Therefore, all such substitutions and modifications are intended to be embraced within the scope of the invention as defined in the appended claims.

What is claimed is:

**1**. A protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**2**. The protective mask of claim **1**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**3**. The protective mask of claim **1**, wherein the first mask portion includes at least one opening to permit access to features of the mobile phone.

**4**. The protective mask of claim **1**, wherein said second mask portion includes at least one opening to permit access to features of the mobile phone.

**5**. The protective mask of claim **1**, wherein said second mask portion includes an opening corresponding to a socket

of said mobile phone so that a user can conveniently plug in a power supply to charge said mobile phone.

**6**. A protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion is adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

**7**. The protective mask of claim **6**, wherein patterns, types, or nameplates can be printed on said first and second mask portions.

**8**. The protective mask of claim **6**, wherein the second mask portion includes an opening to permit access to a feature of the mobile phone.

**9**. A protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, the protective mask comprising:

a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

**10**. The protective mask of claim **9**, further comprising a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone.

**11**. The protective mask of claim **10**, wherein patterns, types, or nameplates can be printed on the first and second mask portions.

**12**. The protective mask of claim **11**, wherein the first mask portion includes at least one opening to permit access to features of the mobile phone.

* * * * *

# EXHIBIT B

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## United States Patent No. 10,097,676

US010097676B2

## (12) United States Patent
Peng

(10) Patent No.: **US 10,097,676 B2**
(45) Date of Patent: ***Oct. 9, 2018**

(54) **PROTECTIVE MASK OF MOBILE PHONE**

(75) Inventor: **Kuan-Lin Peng**, Taipai (TW)

(73) Assignee: **Gregory Jukyoung Kim**, Westmont, IL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 119 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **13/094,428**

(22) Filed: **Apr. 26, 2011**

(65) **Prior Publication Data**

US 2011/0201394 A1    Aug. 18, 2011

**Related U.S. Application Data**

(63) Continuation of application No. 11/673,237, filed on Feb. 9, 2007, now Pat. No. 7,941,195, which is a continuation of application No. 09/888,488, filed on Jun. 26, 2001, now Pat. No. 7,194,291.

(30) **Foreign Application Priority Data**

Nov. 17, 2000    (CN) ........................................ 252902

(51) **Int. Cl.**
**H04M 1/02** (2006.01)
**H04B 1/3888** (2015.01)

(52) **U.S. Cl.**
CPC ........ **H04M 1/0283** (2013.01); **H04B 1/3888** (2013.01); **H04M 1/0214** (2013.01)

(58) **Field of Classification Search**
CPC . H04W 88/02; H04M 1/0283; H04M 1/0214; H04M 1/0202; H04M 1/0212; H04M 1/0216; H04B 1/3888

USPC .... 455/90.1, 90.3, 348, 349, 433.01, 433.11, 455/451, 550, 550.1, 575.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D211,355 S | 6/1968 | Farnham et al. |
| D219,451 S | 12/1970 | Blackman |
| 4,121,061 A | 10/1978 | Donaldson |
| 5,012,513 A | 4/1991 | Dale et al. |
| D337,435 S | 7/1993 | Kaneko et al. |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CN | 00252902.5 | 11/2000 |
| DE | 20019958 U1 | 2/2001 |
| DE | 20111112 U1 | 9/2001 |

OTHER PUBLICATIONS

IL Telefono Cellulare & C. 2 pages. Date: Oct. 2000. (Shows replacement mobile telephone housing portions.).

*Primary Examiner* — Dinh Nguyen
(74) *Attorney, Agent, or Firm* — Invention Mine LLC

(57) **ABSTRACT**

The present invention relates to a protective mask of mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies can be joined with a front and a rear phone housing of a mobile phone, respectively, to effectively prevent abrasion of the mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided. Moreover, trend and fashion of the mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

**12 Claims, 7 Drawing Sheets**



**US 10,097,676 B2**

Page 2

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D338,470 S | 8/1993 | Clayton | |
| D342,262 S | 12/1993 | Hester | |
| D348,472 S | 7/1994 | Cyfko | |
| 5,383,091 A | 1/1995 | Snell | |
| D365,927 S | 1/1996 | Cho | |
| D369,903 S | 5/1996 | Tetrault | |
| 5,586,704 A | 12/1996 | Alexander et al. | |
| D382,538 S | 8/1997 | Brunette | |
| D385,283 S | 10/1997 | Snyder et al. | |
| D385,554 S | 10/1997 | Nuovo et al. | |
| 5,678,204 A | 10/1997 | Naylor | |
| D395,749 S | 7/1998 | Jayez | |
| D396,951 S | 8/1998 | Huber | |
| D397,246 S | 8/1998 | Hoofnagle et al. | |
| 5,809,403 A | 9/1998 | MacDonald, Jr. et al. | |
| D400,541 S | 11/1998 | Harrison | |
| D408,402 S | 4/1999 | Shimelfarb et al. | |
| 5,896,277 A | 4/1999 | Leon et al. | |
| 5,923,752 A  * | 7/1999 | McBride et al. ........ 379/433.11 | |
| 5,933,330 A | 8/1999 | Beutler et al. | |
| 5,988,577 A | 11/1999 | Phillips et al. | |
| 6,006,074 A | 12/1999 | De Larminat et al. | |

| | | | |
|---|---|---|---|
| 6,011,699 A | 1/2000 | Murray et al. | |
| D425,907 S | 5/2000 | Frye et al. | |
| 6,073,027 A | 6/2000 | Norman et al. | |
| 6,073,034 A | 6/2000 | Jacobsen et al. | |
| 6,075,977 A | 6/2000 | Bayrami | |
| 6,082,535 A | 7/2000 | Mitchell | |
| 6,128,515 A  * | 10/2000 | Kabler ................. H04B 1/3805 |
| | | | 455/556.2 |
| 6,130,945 A | 10/2000 | Shin | |
| 6,157,545 A | 12/2000 | Janninck et al. | |
| 6,184,835 B1 | 2/2001 | Chen et al. | |
| 6,201,867 B1 | 3/2001 | Koike | |
| 6,224,225 B1 | 5/2001 | Chen | |
| D448,368 S  * | 9/2001 | Bettag ......................... D14/250 |
| 6,430,400 B1 | 8/2002 | MacDonald, Jr. et al. | |
| 6,563,927 B2 | 5/2003 | Mote et al. | |
| 6,591,088 B1 | 7/2003 | Watanabe | |
| 6,594,472 B1 | 7/2003 | Curtis et al. | |
| 6,842,633 B1 | 1/2005 | Deo et al. | |
| 6,876,837 B2 | 4/2005 | Kuroshima et al. | |
| 6,898,283 B2 | 5/2005 | Wycherley et al. | |
| 7,069,063 B2 | 6/2006 | Halkosaari et al. | |
| 7,194,291 B2 | 3/2007 | Peng | |
| 7,941,195 B2 | 5/2011 | Peng | |

* cited by examiner



# FIG.1
# PRIOR ART



**FIG.2**
**PRIOR ART**



*FIG.3*



**FIG.4**



# FIG.5



**FIG.6**



**FIG.7**

US 10,097,676 B2

1

# PROTECTIVE MASK OF MOBILE PHONE

## RELATED APPLICATIONS

This application is a continuation of U.S. patent application Ser. No. 11/673,237, filed Feb. 9, 2007, now U.S. Pat. No. 7,941,195, which (i) is a continuation application of U.S. patent application Ser. No. 09/888,488, filed Jun. 26, 2001, now U.S. Pat. No. 7,194,291, and (ii) claims priority to Chinese Patent Application No. CN00252902.5, filed Nov. 17, 2000, the contents of which are incorporated herein by reference.

## FIELD OF THE INVENTION

The present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone.

## BACKGROUND OF THE INVENTION

FIGS. **1** and **2** show the structure of a prior art mobile phone. The outer look of the structure is approximately a rectangular parallelepiped comprising a front phone housing and a rear phone housing. One end of the front phone housing **11** is pivotally joined with one end of the rear phone housing **12**, as shown in FIG. **2**. An antenna **121** is disposed on the rear phone housing **12**. A mobile phone **10** is formed after assembling the front and rear phone housings **11** and **12**. The mobile phone **10** can be used for receiving a call, dialing a telephone number, making a call, displaying messages, and setting functions.

However, because the front and rear phone housings **11** and **12** of the mobile phone **10** are very smooth and delicate, abrasion may easily arise due to carelessness of a user so as to generate ill-favored scars thereon, resulting in the deterioration of the quality of the mobile phone and the fall of its value.

Moreover, the design of the mobile phone **10** tends to be more and more diversified in consideration of trend and fashion. The user usually spends a lot of money to change the mobile phone **10** to adhere to the fashion, resulting in waste of money.

Accordingly, the above mobile phone structure has inconvenience and drawbacks in practical installation and use. The present invention aims to resolve the problems in the prior art.

## SUMMARY OF THE INVENTION

The primary object of the present invention is to provide a protective mask of mobile phone to effectively prevent abrasion of a mobile phone due to carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Therefore, the deterioration of the quality of the mobile phone and the fall of its value can be avoided.

The secondary object of the present invention is to provide a protective mask of mobile phone so that trend and fashion of a mobile phone can be achieved without the need of replacing the mobile phone. Therefore, waste of money can be avoided, and economic burden to the user can be lessened.

To achieve the above objects, the present invention provides a protective mask for a mobile phone comprising an upper cover body and a lower cover body. The upper and lower cover bodies are integrally formed by means of mold ejection of plastic. Patterns, types, or nameplates can be

2

printed on the upper and lower cover bodies. The upper and lower cover bodies can sheathe a mobile phone therein. A gap, cavities, and slots corresponding to an antenna, an earphone cavity, an incoming-call informing light and so on of the mobile phone are disposed on the lower cover body so that a user can successfully receive a call and use various kinds of functions and settings of the mobile phone.

The various objects and advantages of the present invention will be more readily understood from the following detailed description when read in conjunction with the appended drawings, in which:

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a prior art mobile phone;
FIG. **2** is a diagram showing the use state of a prior art mobile phone;
FIG. **3** is an exploded perspective view of the present invention and a mobile phone;
FIG. **4** is a perspective view of the present invention assembled with a mobile phone;
FIG. **5** is a cross-sectional view of the present invention assembled with a mobile phone;
FIG. **6** is a diagram showing the use state of the present invention assembled with a mobile phone; and
FIG. **7** is an exploded perspective view according to a second embodiment of the present invention.

## DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS

As shown in FIGS. **3** to **6**, the present invention relates to a protective mask of mobile phone and, more particularly, to an assembly structure used in a mobile phone. The protective mask of mobile phone of the present invention comprises an upper cover body **20** and a lower cover body **30**.

The upper cover body **20** is integrally formed by mold injection of plastic. Patterns, types, or nameplates can be printed on a front side face of the upper cover body **20**. The upper cover body **20** can be joined with a front phone housing **41** of a mobile phone **40**, as shown in FIG. **4**. A rear side face of the upper cover body **20** has a plurality of flanges **21**, as shown in FIG. **3**. The flanges **21** can be retained at the edge of the front phone housing **41** of the mobile phone **40**. The front phone housing **41** of the mobile phone **40** can be sheathed in the upper cover body **20**, as shown in FIG. **5**.

The lower cover body **30** is integrally formed by mold injection of plastic. Patterns, types, or nameplates can be printed on the lower cover body **30**. The lower cover body **30** can be joined with a rear phone housing **42** of the mobile phone **40**, as shown in FIG. **4**. The lower cover body **30** has a gap **31** to retain an antenna **43** of the mobile phone **40**, as shown in FIG. **3**. A plurality of cavities **32** are disposed beside the gap **31** of the lower cover body **30**. The cavities **32** can correspond to an earphone cavity **44**, an incoming-call informing light **45** and so on of the mobile phone **40** so that a user can conveniently use the functions of the mobile phone **40**.

Finger recessions **33** are respectively disposed at two sides of the lower cover body **30** so that a user can easily unfold the pivotally joined front phone housing **41** and rear phone housing **42** to receive a call or operate the mobile phone **40**, as shown in FIG. **6**. The finger recessions **33** can also let the user conveniently separate the mobile phone **40** and the lower cover body **30** for performing operations such as replacing a battery (not shown) of the mobile phone **40**.

3

A plurality of holes **34** are disposed at one side of the lower cover body **30**. The holes **34** can correspond to function keys (not shown) of the mobile phone **40** so that the user can successfully receive a call or set functions.

A bottom of the lower cover body **30** has a slot **35**, which can correspond to a socket **46** (shown in FIG. **5**) of the mobile phone **40** so that a user can plug in a power supply (not shown) of the mobile phone **40** to charge or recharge the mobile phone **40**.

As shown in FIG. **7**, a different upper cover body **20** and a different lower cover body **30** are matched according to the outer look of a different mobile phone **40** so as to satisfy users having different mobile phones **40**. The connection and disposition ways are the same as the above first embodiment of the present invention.

The present invention uses the upper cover body **20** and the lower cover body **30** to sheathe the mobile phone **40** therein so as to effectively prevent abrasion of the mobile phone **40** due to the carelessness of a user, thereby preventing ill-favored scars on the mobile phone. Moreover, trend and fashion of the mobile phone **40** can be achieved without the need of replacing the mobile phone **40**.

Although the present invention has been described with reference to the preferred embodiments thereof, it will be understood that the invention is not limited to the details thereof. Various substitutions and modifications have been suggested in the foregoing description, and others will occur to those of ordinary skill in the art. Therefore, all such substitutions and modifications are intended to be embraced within the scope of the invention as defined in the appended claims.

The invention claimed is:

**1**. A protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, the protective mask comprising:

an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**2**. The protective mask of claim **1**, wherein the integrally-formed mask body further includes indicia selected from the group consisting of text, graphic elements and combinations thereof.

4

**3**. The protective mask of claim **1**, wherein the integrally-formed mask body includes at least one feature opening to permit access to at least one feature of the mobile phone.

**4**. The protective mask of claim **1**, wherein the integrally-formed mask body includes a socket opening corresponding to a socket of the mobile phone and permitting a user to plug a power supply into the socket to charge the mobile phone.

**5**. A protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, the protective mask comprising:

an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**6**. The protective mask of claim **5**, wherein the mobile communication device includes a socket for battery charging and the integrally-formed mask body defines at least a battery-charging socket opening permitting a power supply to be connected to the socket.

**7**. The protective mask of claim **5**, wherein the mobile communication device includes an earphone-connection socket and the integrally-formed mask body defines at least one earphone-connection socket opening permitting an earphone to be connected to the earphone-connection socket.

**8**. A mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, the mask comprising:

an integrally-formed mask body molded to conform to a shape of the exterior housing; and

inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed

US 10,097,676 B2

5

side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**9**. A protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, the protective mask comprising:

an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly

6

against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

**10**. The protective mask of claim **9**, wherein the protective mask further includes indicia selected from the group consisting of text, graphic elements and combinations thereof.

**11**. The protective mask of claim **9**, wherein the protective mask includes at least one feature opening to permit access to at least one feature of the mobile communication device.

**12**. The protective mask of claim **9**, wherein the protective mask includes a socket opening corresponding to a socket of the mobile communication device, permitting a user to plug a power supply into the socket to charge the mobile communication device.

*    *    *    *    *

# EXHIBIT C

## TO

## COMPLAINT FOR PATENT INFRINGEMENT

## Accused Products

## MOBILE DEVICE CASE SYLES** OF ACCUSED PRODUCTS

**Main Sources:**

>https://sp-connect.com/
>https://sp-connect.com/collections/phone-cases
>https://sp-connect.com/collections/spc
>https://sp-connect.com/collections/bundles
>https://web.archive.org/web/*/sp-connect.com*
>https://web.archive.org/web/*/cdn.shopify.com/s/files/1/1741/0217/*
>https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0DER
>https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-F148F53883DE
>https://www.walmart.com/browse/0?facet=brand:SP+Connect

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| **PHONE CASES** ||
| SPC Phone Case |  |
| SPC+ Phone Case |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

| Case Style Name | Exemplary Photograph(s) |
|---|---|
| Ducati Edition Phone Case |  |
| Bundles including any of the aforementioned SPC, SPC+, or Ducati Edition Phone Cases |  |

** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Case Styles. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

2

## MOBILE DEVICE MODELS*** FOR WHICH THERE ARE ACCUSED PRODUCTS

**Main Sources:**

https://sp-connect.com/
https://sp-connect.com/collections/phone-cases
https://sp-connect.com/collections/spc
https://sp-connect.com/collections/bundles
https://web.archive.org/web/*/sp-connect.com*
https://web.archive.org/web/*/cdn.shopify.com/s/files/1/1741/0217/*
https://www.amazon.com/s?me=A2BGRKWRL9B8N1&marketplaceID=ATVPDKIKX0
DER
https://www.amazon.com/stores/SPCONNECT/page/B4288B12-1F9E-4542-A374-
F148F53883DE
https://www.walmart.com/browse/0?facet=brand:SP+Connect

## PHONE MODELS

**Apple:**

| | | |
|---|---|---|
| iPhone 5 | iPhone X | iPhone 12 Pro Max |
| iPhone 5S | iPhone XS | iPhone SE (2022) |
| iPhone SE (2016) | iPhone XS Max | iPhone 13 mini |
| iPhone 6 | iPhone XR | iPhone 13 |
| iPhone 6 Plus | iPhone SE (2020) | iPhone 13 Pro |
| iPhone 6s | iPhone 11 | iPhone 13 Pro Max |
| iPhone 6s Plus | iPhone 11 Pro | iPhone 14 |
| iPhone 7 | iPhone 11 Pro Max | iPhone 14 Plus |
| iPhone 7 Plus | iPhone 12 mini | iPhone 14 Pro |
| iPhone 8 | iPhone 12 | iPhone 14 Pro Max |
| iPhone 8 Plus | iPhone 12 Pro | |

**Google:**

| | |
|---|---|
| Pixel 6 | Pixel 7 |
| Pixel 6 Pro | Pixel 7 Pro |

**Huawei:**

| | | |
|---|---|---|
| P20 Pro | P30 Pro | Mate 20 Pro |

*** This list is comprehensive, but not exhaustive, of Defendant's Accused Product Models. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

**<u>Samsung:</u>**

| | | |
|---|---|---|
| Galaxy Note 9 | Galaxy S9 | Galaxy S20 Ultra |
| Galaxy Note 10 | Galaxy S9 Plus | Galaxy S21 FE |
| Galaxy Note 10 Plus | Galaxy S10e | Galaxy S21 |
| Galaxy Note 20 | Galaxy S10 | Galaxy S21 Plus |
| Galaxy Note 20 Ultra | Galaxy S10 Plus | Galaxy S21 Ultra |
| Galaxy S7 Edge | Galaxy S20 FE | Galaxy S22 |
| Galaxy S8 | Galaxy S20 | Galaxy S22 Plus |
| Galaxy S8 Plus | Galaxy S20 Plus | Galaxy S22 Ultra |

\*\*\* This list is comprehensive, but not exhaustive, of Defendant's Accused Product Models. Plaintiff reserves the right to supplement this list as further information becomes available during the course of litigation.

Phone Case - Samsung (SPC) - Galaxy S22; SKU 55150
https://sp-connect.com/products/phone-case-samsung-spc?variant=42332607217864
https://www.amazon.com/SP-Connect-Phone-Case-S22/dp/B09NQ68Q6R












6







Phone Case - Apple - iPhone 13 / Phone Case (SPC+); SKU 52644
https://sp-connect.com/products/phone-case-apple?variant=43414748430536
https://www.amazon.com/gp/product/B0B74XJZLJ/ref=ox_sc_act_title_1?smid=A2BGRKWRL
9B8N1&th=1

 

 







10



 





